should not have been summarily disposed of upon the hearing of the motion. We are further of opinion that, under the respondent's retainer, his recovery in any event is limited to two hundred and fifty dollars. Lazansky, P. J., Rich, Young and Hagarty, JJ., concur; Carswell, J., dissents and votes to affirm upon the ground that five hundred dollars was properly allowed. Settle order on notice.

In the Matter of Supplementary Proceedings of CHARLES J. RAINEAR, etc., Respondent, against EDWIN HARDING, Appellant. MICHAEL J. SIMON and ST. GEORGE TRUCKING CO., INC., Appellants.— Order directing delivery of stock to receiver reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The judgment debtor's wife claims title to the stock in question and it is now in her possession. She was not a party to the proceeding and her title thereto cannot be tried therein and its delivery compelled under section 793 of the Civil Practice Act. Young, Kapper, Hagarty, Seeger and Carswell, JJ., concur.

In the Matter of the Application of ROXY CORLIES TRAINER, Respondent, for the Payment of a Legacy by the Estate of MILLICENT D. SCOTT, Deceased. THOMAS B. SCOTT, Individually and as Executor, etc., of MILLICENT D. SCOTT, Deceased, Appellant.— Decree of the Surrogate's Court of Suffolk county unanimously affirmed, with costs to respondent payable out of the estate. (*Isham* v. *N. Y. Assn. for Poor*, 177 N. Y. 218.)   Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

In the Matter of the Application of MARY E. SMITH, as Administratrix, etc., of JANE MARIA SIMS, Deceased, Appellant, for an Order of Inquiry Directed to CARRIE GRACE DU CASSE, Respondent. EDITH A. ROOT and Others, Next of Kin, Appellants.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent payable out of the estate. No opinion. Present — Young, Rich, Kapper, Hagarty and Carswell, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of MARGARET N. TAYLOR and Others, as Executors of WILLIAM J. TAYLOR, Deceased. MARGARET N. TAYLOR, Individually, Appellant; THOMAS B. TAYLOR and Others, as Executors, and THERON H. SAMMIS, Special Guardian, Respondents. — Decree of the Surrogate's Court of Suffolk county in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Young, Lazansky, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Application of the COUNTY OF WESTCHESTER, by the WESTCHESTER COUNTY PARK COMMISSION, Appellant, for an Order of Mandamus Directing CHARLES W. BERRY, etc., Respondent, to Transfer a Certain Fund to the County Treasurer of Said County.— Order denying motion for peremptory mandamus order unanimously affirmed, with fifty dollars costs. No opinion. Present — Young, Rich, Kapper, Hagarty and Carswell, JJ.

RUTH KARP, Respondent, v. MARY I. McGOEY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Rich, Kapper, Hagarty and Carswell, JJ.

MORRIS KOPP, Respondent, v. JACOB BIGELEISEN and FANNIE BIGELEISEN, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

MORRIS KOPP, Respondent, v. JACOB BIGELEISEN and FANNIE BIGELEISEN, Appellants.— Order denying motion for a new trial, made upon the grounds of

fraud and of newly-discovered evidence, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

Patrick Lee, Appellant, v. New York, Ontario and Western Railroad Company, Respondent.— Order dismissing complaint and judgment entered thereon reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. Jury questions were presented by this record, based on whether the rails were so shaped and placed in juxtaposition at such a distance as to permit the caulk of the horse's shoe to become wedged in and to cause injury, and as to whether this and the manner of maintenance thereof constituted negligence. (*Stebbins* v. *Hudson Valley Railway Co.*, 170 App. Div. 1; *Lowell* v. *Central Vermont R. R. Co.*, 15 id. 218; *Cotton* v. *N. Y., L. E. & W. R. R. Co.*, 48 N. Y. St. Repr. 89.) Young, Rich, Kapper, Hagarty and Carswell, JJ., concur.

Albert Lohmann, Appellant, v. DeKalb-Hudson Corporation, Respondent. (Action No. 1.) — Order denying motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

Samuel H. Marsh, Respondent, v. Eva Regina Marsh, an Adjudged Incompetent, by Abraham L. Doris, Committee, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The consideration of each alleged oral agreement is too indefinite to sustain such an agreement. The acts relied upon as part performance are insufficient to take the alleged oral agreements out of the Statute of Frauds. They are not unequivocably referable to the oral agreements. The husband's marital duty explains them, they being a performance of the husband's duty to furnish a habitation for which in other circumstances he necessarily would pay rent, and which habitation the husband was obligated to furnish the wife. (*Cooley* v. *Lobdell*, 153 N. Y. 596; *Woolley* v. *Stewart*, 222 id. 347; *Burns* v. *McCormick*, 233 id. 230.) Findings of fact and conclusions of law inconsistent with this memorandum are reversed, and new findings will be made in accordance herewith. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur. Settle order on notice.

Julius Michel, Appellant, v. Morris White, Inc., Respondent.— Order denying plaintiff's motion for a bill of particulars, in so far as appealed from, reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, as to items 1, 2, 3, 4, 9, 10 and 11, except subdivision (e) of item 2, and subdivision (d) of item 4. Young, Lazansky, Hagarty, Seeger and Carswell, JJ., concur.

William S. Moore, Jr., Plaintiff, v. Lillian Berrill and Thomas F. Berrill, Appellants, and T. F. Ferguson & Son, Inc., and Others, Respondents, and Others, Defendants.— Judgment in favor of the respondent Ferguson & Son, Inc., reversed upon the law and a new trial granted, costs to appellants to abide the event, unless the said respondent shall elect, by filing a stipulation within ten days after the entry of the order herein, that a personal judgment in its favor may be entered against either Lillian Berrill or Thomas F. Berrill, but not against both; and, if such stipulation be filed, the said judgment in its favor is modified by striking out all provisions relating to the validity and foreclosure of the mechanic's lien filed by it and substituting in place thereof a provision that the said lien is invalid and that said respondents recover personal judgment for the amount of their